USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-30-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAL JONES,

                     Plaintiff,

      - against -

DORA B. SCHRIRO, et al.,

                    Defendants.

**REPORT AND RECOMMENDATION**

10 Civ. 5352 (JSR) (RLE)

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

On July 14, 2010, *Pro Se* Plaintiff Jermal Jones filed his Complaint against the Defendants, all employees of the New York City Board of Corrections, alleging violations of his Eighth Amendment right against cruel and unusual punishment and his right of access to the courts. He seeks monetary damages in the amount of $1,400,000, as well as injunctive relief. Before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, I recommend that the motion be **GRANTED,** and Jones's Complaint be **DISMISSED** for failure to state a claim.

## II. BACKGROUND

On November 12, 2007, Jones was incarcerated at the Otis Bantum Correctional Center ("OBCC"). He alleges that overcrowding at the facility caused him to endure a number of hardships, including exposure to disease, lack of proper food, reduced medical care, reduced recreational programs, an inadequate clothing supply, reduced legal supplies in the law library, increased danger from inmate violence, and reduced access to barbershop services. (Compl. at Part II (D).) Jones filed a grievance in the OBCC Grievance Box, but received no response. (Compl. at Part IV.)

## III. DISCUSSION

### A. Motion to Dismiss Standard

In deciding a motion to dismiss under Rule 12(b)(6), the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In addition, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original); *see Elektra Entertainment Group, Inc. v. Santangelo*, 2008 WL 4452393, at *2 (S.D.N.Y. Oct 1, 2008). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to defeat a motion to dismiss. *Twombly*, 550 U.S. at 570; *see Johnson & Johnson v. Guidant Corp.*, No. 06 Civ. 7685 (GEL), 2007 WL 2456625, at *4 (S.D.N.Y. Aug. 29, 2007)).

Where a plaintiff is *pro se*, the court should apply "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, in deciding a motion to dismiss involving a *pro se* plaintiff, the court can look beyond the "four corners of the complaint" to all the pleadings before the court, including the plaintiff's opposition papers. *Pagan v. New York State Div. of Parole*, No. 98 Civ. 5840 (FM), 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002); *Amaker v. Haponik*, No. 98 Civ. 2663 (JGK), 2000 WL 343772, at *1 (S.D.N.Y. Mar. 31, 2000); *see also Burgess v. Goord*, No. 98 Civ. 2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999).

**B. Jones's Claim for Monetary Relief is Barred by the Prison Litigation Reform Act**

Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.S. § 1997e(e). As a result, "[c]ourts have consistently held that section 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury." *Cox v. Malone*, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002). The level of physical injury necessary is defined by Eighth Amendment standards, *see, e.g.*, *Warren v. Westchester County Jail*, 106 F. Supp. 2d 559, 570 (S.D.N.Y. 2000), which require that a plaintiff's injuries be "more than *de minimus.*" *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999). Here, Jones alleges that he has suffered from sleeplessness and lack of proper nutrition (Compl. at Part II(D)), but does not allege any actual physical harm. As a result, his claims for monetary damages are barred by the PRLA, and should be **DISMISSED**.

**C. Jones is Barred from Obtaining Injunctive Relief**

Jones is also barred from obtaining injunctive relief, as his claims arise out of events that took place in OBCC, and he has since been transferred to another facility. (*See* Pl.'s Mems. re Change of Address, Doc. Nos. 5, 10). "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). Accordingly, Jones's claims for injunctive relief should also be **DISMISSED**.

**D. Jones Fails to Allege a Constitutional Violation**

Jones's claims, either for injunctive or monetary relief, are also barred by the fact that he fails to allege behavior that rises to the level of a constitutional violation. In order to rise to the

3

level of an Eighth Amendment violation, prison conditions must "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Overcrowding does not on its own satisfy this requirement. *See, e.g., Miles v. Bell*, 621 F. Supp. 51, 68 (D. Conn. 1985). The conditions that Jones alleges - reduced food and clothing supplies, reduced recreation time, greater exposure to disease and violence - may raise Jones's level of discomfort, but they are not so severe as to constitute a constitutional violation. *See Rhodes*, 452 U.S. at 347 ("[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.") Jones's allegations that the conditions he faced violate Board of Corrections Minimum Standards also fail to demonstrate a constitutional violation, as "[l]ack of compliance with state requirements for correctional facilities is not *per se* unconstitutional." *Gamble v. City of New York*, No. 04 Civ 10203 (TPG), 2009 WL 3097239 at *5 (S.D.N.Y. Sept. 25, 2009). Jones has also not established that his right of access to the courts has been violated, as he has failed to show an actual interference with his access to the courts or prejudice to an existing action. *See, e.g., Herrera v. Scully*, 815 F. Supp. 713, 725 (S.D.N.Y. 1993). Accordingly, Defendants' motion to dismiss should be **GRANTED** and Jones's Complaint should be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, I recommend that the motion to dismiss be **GRANTED,** and Jones's Complaint be **DISMISSED** for failure to state a claim.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of

the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: March 2̲9̲, 2011
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

Pro Se Plaintiff
Jermal Jones
141-07-21697
O.B.C.C.
1600 Hazen Street
East Elmhurst, NY 11370

Counsel for Defendants
Jeffrey Dantowitz
The City of New York Law Department
100 Church Street
New York, NY 10007